PAUL S. PADDA, ESQ. *(NV Bar #10417)*
Email: psp@paulpaddalaw.com
**PAUL PADDA LAW, PLLC**
4560 South Decatur Boulevard, Suite 300
Las Vegas, Nevada 89103
Tele: (702) 366-1888
Fax: (702) 366-1940

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LACY L. THOMAS,<br><br>        Plaintiff,<br><br>   vs.<br><br>CLARK COUNTY, NEVADA,<br><br>        Defendant. | Case No. 2:18-cv-1615-RFB-VCF |

**JOINT STIPULATION FOR 60-DAY STAY OF DISCOVERY DEADLINES**

Pursuant to Federal Rules of Civil Procedure ("FRCP") 6 and 16(b)(4), as well as the Court's Local Rules of Civil Practice LR IA 6-1 and LR 26-4, the parties respectfully request that the Court approve this Stipulation to stay current discovery deadlines for a period of 60-days in consideration of Plaintiff's current medical condition which renders him unable to communicate with his attorneys and experts. The parties had not anticipated any need for Court modification of the current discovery scheduling order. However, Plaintiff's present incapacity to meaningfully participate in the last few months remaining of discovery have necessitated this stipulation. After conferring, counsel for the respective parties agree to this stay of discovery

1

Lacy L. Thomas v. Clark County, Nevada
United States District Court (D. Nev.), Case No. 2:18-cv-1615-RFB-VCF
*Joint Stipulation For Sixty (60) Day Stay of Discovery Deadlines*
PPL #200947-12-06

deadlines and to provide the Court with a status update within 30 days of the Court's approval of this request for a 60-day stay. Although Local Rule 26-4 provides that a request to modify a discovery Order shall be received no later than 21-days prior to the expiration of any deadline sought to be extended, counsel for the parties represent that good cause and excusable neglect support the requested extension, especially in light of the special circumstances detailed herein. In support of this Stipulation, the parties rely upon the Declaration of Paul S. Padda (Exhibit A) attached hereto and the facts set forth below.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. LEGAL STANDARD

The "good cause" standard required by FRCP 16 is primarily concerned with the diligence of the party seeking an extension of deadlines. *See* Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992). Good cause is present when scheduling deadlines cannot be met despite the moving party's diligence. *Id.* Similarly, under the "excusable neglect" standard, federal trial courts consider, among other factors, whether the moving party's conduct is in good faith. *See* Mendez v. Knowles, 556 F.3d 757, 764 (9th Cir. 2009) (*citing* Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993)).

### II. STATEMENT REGARDING DISCOVERY COMPLETED TO DATE

The Court granted an extension of discovery deadlines on August 24, 2021. *See* ECF No. 47. Since that time, the following has occurred:

1. Defendant Clark County has taken the deposition of Plaintiff.

2. Plaintiff has responded fully to Clark County, Nevada's written discovery as

2

Lacy L. Thomas v. Clark County, Nevada
United States District Court (D. Nev.), Case No. 2:18-cv-1615-RFB-VCF
*Joint Stipulation For Sixty (60) Day Stay of Discovery Deadlines*
PPL #200947-12-06

well as the discovery propounded by the other defendants that have since been dismissed from this case.

3. Plaintiff has propounded written discovery upon Defendant Clark County, Nevada.

4. Plaintiff has retained three expert witnesses in this case.

5. Plaintiff, with leave of Court, has filed an Amended Complaint.

### III. DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED

The parties need to finalize expert reports and rebuttal expert reports. The parties may propound additional written discovery as needed and engage in any additional discovery that is appropriate under the circumstances of this case.

### IV. REASONS WHY THE CURRENT DISCOVERY DEADLINES CANNOT BE MET

During the past week, Plaintiff's counsel learned that his client Lacy Thomas contracted COVID-19 and has been hospitalized in the Intensive Care Unit ("ICU") unable to speak or communicate. Exhibit A. This shocking and disturbing information was conveyed to Plaintiff's counsel by Mrs. Henrene Thomas, Mr. Thomas' wife, who further explained that this is why Plaintiff's counsel's several telephone calls to Plaintiff had not been returned within the past month. Id. Mrs. Thomas stated that her husband is severely ill and has been in the hospital for over a month but that he may be leaving ICU (if his health improves) within the next few weeks for a rehabilitation facility. Id. She advised that Mr. Thomas cannot communicate effectively

3

and when he does speak, it is only in a whisper.  Id.  Additionally, because of the fragility of his health and the fact that COVID patients are segregated, he is only allowed limited visitors.

Under Nevada Rule of Professional Conduct ("NRPC") 1.1, a lawyer is required to provide competent representation to a client.  Competent representation includes acting with diligence (NRPC 1.3) and effectively communicating (NRPC 1.4) with a client.  Under NRPC 1.4, effective communication requires promptly informing a client of any decisions or circumstances, consulting with the client about the means by which the client's objectives are to be accomplished, keeping the client apprised of the status of the matter and  explaining matters to the client so that he or she can provide informed consent regarding the representation and matters relating to it.

The current deadline for disclosure of expert witnesses is November 24, 2021.  Under the circumstances detailed above, Plaintiff, by and through his counsel, will not be able to meet that deadline.  There are decisions regarding retention of specific experts, discussion with those experts and other matters pertaining to the experts that require input and decisions from Mr. Thomas and discussion with him.  This simply cannot occur under the current situation.  Further, because of Mr. Thomas' fragile state, and depending upon his health within the next several weeks, Mrs. Thomas may be required to be appointed to make decisions for him.  Should this be required, it will potentially require separate legal proceedings.

Given Plaintiff's current condition, the parties, by and through their respective counsel, believe a stay is warranted and appropriate in this case.  Plaintiff's counsel will be in potential violation of his ethical duties if a stay is not granted and he is required to litigate this matter without Mr. Thomas' informed consent regarding various decisions.  Accordingly, the parties

4

Lacy L. Thomas v. Clark County, Nevada
United States District Court (D. Nev.), Case No. 2:18-cv-1615-RFB-VCF
*Joint Stipulation For Sixty (60) Day Stay of Discovery Deadlines*
PPL #200947-12-06

respectfully request a 60-day stay of all discovery deadlines. The parties further propose to file a status report with the Court on or before December 20, 2021 advising the Court of Mr. Thomas' health and whether his wife will be needed to be appointed as a guardian for purposes of this litigation.

## V. THE CURRENT SCHEDULE FOR COMPLETION OF DISCOVERY

The current schedule for completion of all discovery is as follows:

| EVENT | CURRENT DEADLINES |
|---|---|
| Discovery Cut-Off | **January 24, 2022** |
| Expert Disclosures | **November 24, 2021** |
| Rebuttal Expert Disclosures | **December 27, 2021** |
| Dispositive Motions | **February 23, 2022** |
| Pre-Trial Order | **March 25, 2022** |

The parties are hereby requesting that all of these deadlines be suspended for 60-days. That the parties be allowed to file a status report in 30-days and propose a new discovery schedule at the expiration of the 60-day stay or on January 19, 2022.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

5

Lacy L. Thomas v. Clark County, Nevada
United States District Court (D. Nev.), Case No. 2:18-cv-1615-RFB-VCF
*Joint Stipulation For Sixty (60) Day Stay of Discovery Deadlines*
PPL #200947-12-06

# CONCLUSION

In light of the foregoing, the parties respectfully request that the Court grant this request for a 60-day stay of all deadlines set forth under the Court's most recent Scheduling Order. ECF No. 47.

|  | Respectfully submitted, |
|---|---|
| /s/ *Thomas D. Dillard* | /s/ *Paul S. Padda* |
| _____ | _____ |
| Thomas D. Dillard, Esq. | Paul S. Padda, Esq. |
| 9950 West Cheyenne Avenue | 4560 South Decatur Blvd., Suite 300 |
| Las Vegas, Nevada 89129 | Las Vegas, Nevada 89103 |
| Tele: (702) 384-4012 | Tele: (702) 366-1888 |
| Attorney for Defendant | Attorney for Plaintiff Lacy L. Thomas |
| Clark County, Nevada | |
| Dated: November 19, 2021 | Dated: November 19, 2021 |

**IT IS SO ORDERED:**

**The parties' joint stipulation for a 60-day stay of all discovery deadlines is hereby approved. All discovery deadlines are stayed until January 19, 2022.**

**The parties shall file a joint status report on or before December 20, 2021 advising the Court of Mr. Thomas' health and any other circumstances that may affect this case.**

**The parties are directed to file a discovery plan on January 20, 2022 proposing new deadlines for the completion of remaining discovery.**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** 11-23-2021

6

Lacy L. Thomas v. Clark County, Nevada
United States District Court (D. Nev.), Case No. 2:18-cv-1615-RFB-VCF
*Joint Stipulation For Sixty (60) Day Stay of Discovery Deadlines*
PPL #200947-12-06

# EXHIBIT A

# EXHIBIT A

## DECLARATION OF PAUL S. PADDA

I, Paul S. Padda, do hereby declare the following based upon my personal knowledge:

1. I am above the age of eighteen (18) and competent to testify to the matters set forth herein. I am not a party to this lawsuit. Rather, I am counsel of record for Plaintiffs in this matter styled Lacy L. Thomas vs. Clark County, Nevada, United States District Court (D. Nev.), Case No. 2:18-cv-1615-RFB-VCF.

2. I am submitting this declaration in support of the parties' Stipulation and Order for 60-Day Stay of all discovery deadlines in this case.

3. Under the Order issued by the Court on August 23, 2021, discovery is to be completed on or before January 24, 2022, expert disclosures are currently due on November 24, 2021, rebuttal expert disclosures are due on December 27, 2021 and dispositive motions are due on March 25, 2022. *See* ECF No. 47.

4. During the past week, I learned that my client Lacy Thomas contracted COVID-19 and has been hospitalized in the Intensive Care Unit ("ICU") unable to speak or effectively communicate. This shocking and disturbing information was conveyed to me by Mr. Thomas' wife, Mrs. Henrene Thomas, who further explained that this is why my office's several telephone calls to Mr. Thomas during the past month have gone unreturned. Mrs. Thomas stated that her husband

is severely ill and has been in the hospital for over a month now but that he may be leaving ICU (if his health improves) within the next few weeks for a rehabilitation facility. Id. She advised that Mr. Thomas cannot communicate effectively and when he does speak, it is only in a whisper. Id. Additionally, because of the fragility of his health and the fact that COVID patients are segregated, he is only allowed limited visitors. When I inquired if I would be able to see Mr. Thomas, concerned for his well-being as my client and someone I now consider a friend, she stated that it was doubtful given the restrictions imposed by the hospital. Mrs. Thomas stated that even if I could visit with Mr. Thomas, because of his limited communication and fragile state, it would be difficult for him to engage.

5. While my primary concern is clearly for Mr. Thomas' health and recovery, I am not effectively able to represent him in this litigation at this time given what has been described above. I believe I will potentially be in violation of my ethical duties if a stay of proceedings is not granted given my inability to communicate with my client. There are discussions that must occur and decisions that must be made that require Mr. Thomas' informed consent.

. . .

. . .

. . .

. . .

2

6. I respectfully request that the Court stay all discovery deadlines for 60-days given the tragic circumstances detailed above.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

*Paul S. Padda*
Paul S. Padda

Dated: November 19, 2021.