UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Lacy L. Thomas,

        Plaintiff

v.

Clark County, et al.,

        Defendants

Case No. 2:18-cv-01615-CDS-VCF

**Order Overruling Defendants' Objection to the Magistrate Judge's Report & Recommendation Denying Defendants' Motion to Dismiss**

[ECF No. 56, 64, 72]

     Defendant Clark County objects (ECF No. 72) to a report and recommendation (R&R) issued by United States Magistrate Judge Cam Ferenbach (ECF No. 64) denying its prior motion to dismiss (ECF No. 56). Clark County's motion to dismiss was based on an allegedly improper substitution of parties after the unfortunate passing of plaintiff Lacy L. Thomas. Lacy's surviving spouse, Henrene Thomas, was appointed as the Special Administrator of Lacy's estate and sought to substitute the estate as a party for Lacy pursuant to Federal Rule of Civil Procedure 25. Clark County moved to dismiss arguing that the estate's substitution was untimely and thus improper. *See generally* ECF No. 56. Judge Ferenbach ruled that the substitution was proper and recommended that the motion to dismiss be denied. ECF No. 64. Clark County filed timely objections to the magistrate judge's R&R. ECF No. 72.

I. Discussion

     As a threshold matter, the parties dispute the proper standard of review to apply in resolving these objections. *Compare* ECF No. 72 at 6 (defendant argues for *de novo* review) *with* ECF No. 77 (plaintiff argues that the defendant must demonstrate that the magistrate judge's recommendation is clearly erroneous or contrary to law). Judge Ferenbach issued a proposed "recommendation[] for the disposition" of a motion to dismiss. 28 U.S.C. § 636(b)(1)(B). The local rules of this district require its courts to conduct a de novo review of any matters that may

not be finally determined by a magistrate judge. LR IB 3-2(b). I thus review the decision to deny defendant's motion to dismiss de novo.[1]

Clark County seeks dismissal of this action based on its argument that plaintiff's substitution of party (*i.e.*, the substitution of Lacy Thomas's estate for Lacy himself following his death) was untimely. ECF No. 56 at 6.[2] Plaintiff argues that dismissal is unwarranted based on the plain language of Rule 25. ECF No. 77. Federal Rule of Civil Procedure 25(a)(1) states:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Rule 25(a)(3) adds that "[a] motion to substitute . . . must be served . . . on nonparties as provided in Rule 4." The Ninth Circuit has held that, although Rule 25 "could be clearer, a careful reading of the rule coupled with an understanding of its function leads to the conclusion that the rule requires two affirmative steps in order to trigger the running of the 90[-]day period." *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). "First, a party must formally suggest the death of the party upon the record." *Id.* (citations omitted). The formal suggestion of death in this case was filed by plaintiff's counsel on December 3, 2021. ECF No. 51. That satisfied the first step toward triggering the running of the 90-day period prescribed by Rule 25.

"Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute." *Barlow*, 39 F.3d at 233 (citation omitted). The suggesting

---

[1] While Clark County argues that I should review Judge Ferenbach's recommendation de novo, its arguments are framed under standards for clear error or misapplication of law. *See* ECF No. 72 at 7–8 (stating that the magistrate judge misinterpreted Rule 25 and erred in his determination). As defendant points out, "de novo review means the court must consider the matter anew, as if it[] had not been heard before and as if no decision previously had been rendered." *Id.* at 6.

[2] The motion docketed at ECF No. 56 was first docketed at ECF No. 54 as it was incorrectly filed as a response to plaintiff's motion to substitute a party. ECF No. 55. Defendant did not remove the ECF header stating "ECF No. 54" from the re-filed motion. For clarity, I refer to the motion as ECF No. 56 despite the header on each page of the motion stating "ECF No. 54."

party was the plaintiff, Lacy L. Thomas, through his counsel.[3] ECF No. 51 at 1. However, the suggesting party served the suggestion of death only upon counsel for the defendants. *Id.* at 2. *Barlow* requires that "non-party successors or representatives of the deceased party **must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons.**" *Id.* (citations omitted). Rule 4 states that an individual "may be served in a judicial district of the United States by (1) following state law for serving a summons . . . or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Neither party suggests that non-party Henrene Thomas, as the administrator of Lacy Thomas's estate, was ever served (as defined by Rule 4) the suggestion of death. Clark County asserts that "[t]he filing of the statement of death on the record on behalf of [Lacy] while identifying the estate representative and counsel's making representations for the Estate prior to the substitution are sufficient to trigger the 90-day period for filing a motion for substitution." ECF No. 56 at 8. However, it cites no legal authority in support of its position that counsel's identification of Henrene or its representations for Lacy's estate are sufficient to begin the 90-day period. *Id. Barlow*, however, describes the two **necessary** steps for triggering that period. 39 F.3d at 233. The second necessary step was never fulfilled because Henrene was never served in the manner provided by Rule 4.

This result may create unwanted consequences as the purpose of Rule 25 is to "inform all interested persons of the death so that they make take appropriate action," *Barlow*, 39 F.3d at

---

[3] Plaintiff also makes the argument that a deceased person cannot be a party to a legal proceeding, and that any notice of death filed by Lacy's attorney thus "cannot be a 'suggestion of death' that would trigger the 90-day limitation on filing a motion for substitution because it was not filed by a 'party or a successor or representative for the deceased party.'" ECF No. 77 at 17 (quoting *Constantin v. County of Sacramento*, 2006 WL 736859, at *1 (E.D. Cal. Mar. 20, 2006)). I need not address this argument because I deny defendant's motion to dismiss on the alternative grounds described in this order.

233–34. And Henrene Thomas was certainly informed of her husband's death despite not being served pursuant to Rule 4. But the binding law of this Circuit requires that Henrene Thomas be **served** the suggestion of death to commence the 90-day clock. I thus find that plaintiff's motion to substitute party was timely and that defendant's motion to dismiss was properly denied by Judge Ferenbach.

II.  Conclusion

IT IS HEREBY ORDERED that defendant's objection to the magistrate judge's recommendation [ECF No. 72] is OVERRULED.

IT IS FURTHER ORDERED that the magistrate judge's report and recommendation [ECF No. 64] is ADOPTED by this court in its entirety.

IT IS FURTHER ORDERED that defendant's motion to dismiss [ECF No. 56] is DENIED.

IT IS SO ORDERED.

DATED: March 20, 2023

_____
Cristina D. Silva
United States District Judge