UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Lacy L. Thomas, et al., | Case No. 2:18-cv-01615-CDS-MDC |
| Plaintiffs | **Order Denying Without Prejudice Defendant's Bill of Costs** |
| v. | |
| Clark County, Nevada, | [ECF Nos. 106, 107] |
| Defendant | |

Lacy L. Thomas sued the Clark County District Attorney's Office under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights based on an alleged unreasonable seizure and violations of due process.[1] After I granted summary judgment in favor of Clark County on all claims, it filed a bill of costs seeking a total of $10,005.50 in deposition related costs incurred in this litigation. Bill, ECF No. 106. Thomas objects, arguing that that he should not bear the burden of paying the defendant's costs in this action. Obj., ECF No. 107. Thomas then filed a notice of appeal from this court's April 22, 2025 order entering judgment in favor of Clark County. Notice, ECF No. 108. The Ninth Circuit Court of Appeals has not issued a decision on Thomas's appeal. I find that, given the pending appeal, and in the interest of judicial economy, it is inefficient to rule on the defendant's bill of costs until the pending appeal is disposed. Clark County's bill of costs is denied without prejudice; however, it may refile the bill, if appropriate, within fourteen days of the Ninth Circuit's mandate on Thomas's appeal.

Under Federal Rule of Civil Procedure 54(d)(1), a prevailing party is entitled to costs other than attorney's fees "[u]nless a federal statute, these rules, or a court order provides otherwise." Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party, "but vests in the district court discretion to refuse to award costs." *Escriba v. Foster Poultry*

---

[1] The Estate of Lacy Thomas was later substituted in as a party upon Thomas's unfortunate passing.

*Farms, Inc.*, 743 F.3d 1236, 1247 (9th Cir. 2014) (quoting *Ass'n. of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000)). However, the district court has discretion to defer ruling on a taxation of costs while an appeal on the merits is pending. *See* Fed. R. Civ. P. 54(d) advisory committee notes to 1993 amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved."); *see also Wealthy, Inc. v. Cornelia*, 2024 U.S. Dist. LEXIS 243250, *3 (D. Nev. Aug. 16, 2024); *Lasic v. Moreno*, 2007 WL 4180655, at *1 (E.D. Cal. Nov. 21, 2007). "The reasoning of the Advisory Committee's note is applicable to ruling on a bill of costs." *Lasic*, 2007 WL 4180655, at *1.

The Ninth Circuit now has an opportunity to determine whether Clark County should indeed prevail and therefore recover its costs. Because a ruling from the Ninth Circuit could moot Clark County's bill of costs, I find that deferring ruling until after the appeal is resolved promotes judicial economy. Therefore, Clark County's bill of costs **[ECF No. 106] is denied without prejudice**. Accordingly, Thomas's objection **[ECF No. 107] is denied as moot**. Clark County may refile the bill, if appropriate, within fourteen days of the Ninth Circuit's mandate on Thomas's appeal.

Dated: December 9, 2025

_____
Cristina D. Silva
United States District Judge

2